IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEJAVONE LEE WOODS )
)
v. ) NO: 3:17-0170
)
BRANDON O'KELLEY, et al. )

TO: Honorable Judith E. Levy, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered February 28, 2017 (Docket Entry No. 7), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 15) filed by Defendants Brandon O'Kelley and Cassie Thomas. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Dejavone Woods ("Plaintiff") is an inmate within the custody of the Davidson County, Tennessee Sheriff's Office ("DCSO").[1] On January 25, 2017, he filed this lawsuit *pro se* and *in forma pauperis* against two DCSO correctional officers - Brandon O'Kelly ("O'Kelly") and Cassie

---

[1] Although Plaintiff's Complaint has a non-institutional, residential address listed as his address, he states that he is a pretrial detainee, *see* Complaint (Docket Entry No. 1) at 1, and the most recent filing from Plaintiff was mailed from a correctional facility. *See* Docket Entry No. 26. Accordingly, the Court presumes that Plaintiff remains confined within the DCSO as a pretrial detainee.

Thomas ("Thomas") – based on allegations that his civil rights were violated by the officers during his confinement. Specifically, Plaintiff alleges that he is a "Moorish American, Free & Soveriegn (sic)" and was engaging in Muslim prayers with five other inmates on December 11, 2016, when Thomas and O'Kelly and other officers "rudely interrupted" their prayers, took their shoes, and placed the group in a segregated cell. *See* Complaint (Docket Entry No. 1) at 5. Plaintiff asserts that he and the other inmates were later separated and sent to different housing units, and he suggests that he received some type of disciplinary action due to the incident. *Id*. Seeking financial compensation for a "substantial burden on religious rights," *id*. at 6, he claims violations of his rights under: the First Amendment to the United States Constitution; Article I, Section 3 of the Tennessee Constitution; the United Nations Declaration on the Rights of Indigenous People ("United Nations Declaration"); the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq*.; and, the Religious Land Use & Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. *Id*. at 5. Upon initial review of the lawsuit under 28 U.S.C. § 1915A, the Court found Plaintiff had stated a colorable claim for relief under 42 U.S.C. § 1983 and directed that process issue to Defendants. *See* Docket Entry No. 7 at 2.

In lieu of an answer, Defendants filed the pending motion to dismiss on May 17, 2017, seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure based on several arguments. *See* Memorandum in Support (Docket Entry No. 16). Defendants first contend that Plaintiff did not fully exhaust his available administrative remedies prior to filing his lawsuit, as required by the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a). Defendants further argue that, 1) Plaintiff fails to state claims for relief under the First Amendment or RLUIPA because he has not alleged that his free exercise of religion was substantially impaired by the acts of

2

Defendants, and 2) Plaintiff does not have viable causes of action available to him under the Tennessee Constitution, RFRA, or the United Nations Declaration. Defendants also assert that Plaintiff has not properly pled a municipal liability claim to the extent that Defendants are sued in their official capacities. Finally, Defendants raise the defense of qualified immunity to any monetary claims brought against them in their individual capacities.

Although Plaintiff was originally notified of Defendants' motion to dismiss and given a deadline of June 30, 2017, to file a response, s*ee* Order entered May 24, 2017 (Docket Entry No. 18), and although his response deadline was thereafter extended to August 11, 2017, *see* Order entered July 10, 2017 (Docket Entry No. 21), Plaintiff has not filed a response to the motion to dismiss. Instead, Plaintiff has made requests for the appointment of counsel, which have been denied, *see* Docket Entry Nos. 21 and 24, and has recently filed a motion to amend, seeking "to fix the complaint," *see* Docket Entry No. 25, and a third motion for the appointment of counsel. *See* Docket Entry No. 26.[2]

## II. STANDARD OF REVIEW

Defendants' filing of their motion under Rule 12(b)(6) presents a somewhat thorny issue from a procedural standpoint. Several of the defenses raised by Defendants are properly raised via a Rule 12(b)(6) motion that requires review under the well-settled standard for testing whether a pleadings' allegations are sufficient to state a claim for relief. However, because a prisoner plaintiff is not required to include in his complaint facts showing compliance with the PLRA's exhaustion

---

[2] By separate Order, (Docket Entry No. 27) the undersigned has ruled on the motion for appointment of counsel.

requirement, *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), a Rule 12(b)(6) motion is somewhat misplaced as a vehicle for raising the affirmative defense of failure to exhaust. *See Anderson v. Jutzy*, 175 F. Supp. 3d 781, 786-87 (E.D. Mich. 2016). Furthermore, as is the case with Defendants' motion, in order to properly support the affirmative defense of failure to exhaust a defendant must normally rely on matters outside the pleadings, such as prison documents and affidavits or declarations. When the matters outside the pleadings are considered by the Court, Rule 12(d) requires the motion be treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Because Defendants rely on matters that are outside the pleadings, the more proper vehicle for their motion would have been a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See Anderson*, *supra*; *Frees v. Duby*, 2010 WL 4923535, *3 (W.D. Mich. Nov. 29, 2010) (collecting cases). In reviewing Defendants' motion, the Court shall not exclude consideration of their supporting evidence and, thus, Defendants' motion shall be converted to a motion for summary judgment in accordance with Rule 12(d). *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir.1993).[3]

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct.

---

[3] This Report and Recommendation and the fourteen day period within which objections may be filed by Plaintiff provides him with sufficient notice of conversion of Defendants' motion to one for summary judgment under Rule 12(d) and with the opportunity to present any evidentiary material that is pertinent to the issue of exhaustion. *See Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984). Furthermore, the Court notes that Plaintiff has already had nearly three months notice of Defendants' PLRA exhaustion defense and his need to rebut the defense.

2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

### III. CONCLUSIONS

A. Motion to Amend

Plaintiff's Complaint was filed on January 25, 2017, and Defendants' motion to dismiss was filed on May 17, 2017. However, Plaintiff first sought to amend his Complaint by the motion to amend he filed August 11, 2017. Accordingly, Plaintiff's request to amend was filed well beyond the

time frame permitting him to amend once as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure. Therefore, his request to amend is governed by Rule 15(a)(2), which allows him to amend only if he obtains written consent of the opposing party, which he has not obtained, or if he is granted leave of the Court. Leave to amend should be freely given "when justice so requires." *Id*. However, leave to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995).

Leave to amend in this case should not be granted. Plaintiff's motion to amend was filed nearly three months after the motion to dismiss and on the last day of the deadline for filing his response to the motion to dismiss. The motion appears to the Court to have been filed for the dilatory purpose of further delaying resolution of Defendants' arguments for dismissal. Further, given that no actual proposed amended complaint was submitted along with the motion to amend, additional delay would occur while waiting for Plaintiff to file his amended complaint and for Defendants' to file a renewed motion to dismiss in light of the amendment. Finally, and most importantly, as set out below, Defendants raise a meritorious affirmative defense that Plaintiff filed this lawsuit prior to exhausting his available administrative remedies as required by the PLRA. This defense renders futile Plaintiff's request to amend his complaint in order to cure mere pleading deficiencies.

B. Defendants' Motion

Although Defendants raise several legal arguments for dismissal, their defense that Plaintiff failed to exhaust his administrative remedies is a completely sufficient basis upon which to grant their motion and to dismiss this lawsuit. The Prison Litigation Reform Act provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a civil rights lawsuit in the district court about events related to his confinement. *Porter v. Nussle*, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). Although exhaustion is mandatory under the PLRA, the failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 211-17, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Once the defense of failure to exhaust is raised and supported via a dispositive motion, a prisoner plaintiff must show that he has complied with the requirements of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225-26 (6th Cir. 2011). To establish exhaustion of administrative remedies, a prisoner plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Defendants raise and support the defense of lack of administrative exhaustion by showing that the DCSO has an inmate grievance policy, DCSO Policy #1-3.540, whereby DCSO provides inmates have a procedure to file grievances with prison officials and to file grievance appeals if they are not satisfied with the first level response. *See* Declaration of DCSO Records Manager Tom Davis (Docket Entry No. 17) and Exhibits 1 & 2 (Docket Entry Nos. 17-1 and 17-2). Defendants show that Plaintiff filed a grievance on December 14, 2016, about the incident in question but failed to pursue an appeal of the

grievance when it was denied at the initial level as unsustained. *See* Declaration of Davis at ¶ 6 and Exhibits 3, 4, & 5 (Docket Entry Nos. 17-3, 17-4, and 17-5).

Although Plaintiff was given ample time to respond to Defendants' motion, he has not provided any basis rebutting the lack of exhaustion defense raised by Defendants and showing that he pursued and fully exhausted his administrative remedies pertaining to the claims brought against Defendants prior to filing his lawsuit. It is well-settled that there is no futility exception to the exhaustion requirement, *Booth*, 532 U.S. at 741 n.6; *Napier*, 636 F.3d at 222, and Plaintiff cannot be excused from abandoning his grievance after it was initially denied. His failure to file an appeal from his denied grievance means that he did not pursue such administrative remedies as were available to him and failed to exhaust under the PLRA. *See Thompson v. Robertson*, 2017 WL 1048018 at *5 (M.D. Tenn. Mar. 20, 2017) (Trauger, J.) (prisoner's failure to file appeal of grievance rendered it unexhausted). Further, Plaintiff's assertion in his pleading that he appealed "the disciplinary action," *see* Complaint at 4, does not render his administrative remedies exhausted in light of the available grievance process at the DCSO and Plaintiff's failure to fully pursue his administrative grievance. *See Flakes v. Van Gordon*, 2011 WL 1194681 at *1 (W.D. Mich. Mar. 29, 2011) (disciplinary appeal is not sufficient to properly exhaust administrative remedies).

Plaintiff's failure to show that he has met the PLRA's mandatory administrative exhaustion requirement warrants dismissal of his lawsuit. *See Napier*, *supra*. Because Plaintiff's failure to comply with the PLRA requires dismissal of the entire lawsuit, analysis of Defendants' alternative arguments for dismissal is not necessary.[4]

---

[4] Nonetheless, the Court notes that fatal legal deficiencies appear to exist that would readily require dismissal of Plaintiff's claims for damages under RFRA, *see City of Boerne v. Flores,* 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997), under RLUIPA, *see Haight v. Thompson*, 763

8

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS:

1) Plaintiff's motion for leave to amend (Docket Entry No. 25) be DENIED; and

2) the motion to dismiss (Docket Entry No. 15) filed by Defendants Brandon O'Kelley and Cassie Thomas be GRANTED and that this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

F.3d 554, 568-570 (6th Cir. 2014), and under the Tennessee Constitution. *See Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).